# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. TURNER, JR., Inmate Booking No. 13719099<br><br>Plaintiff,<br><br>vs.<br><br>CORPORAL SAUNDER; SAN DIEGO SHERIFF DEP'T; SCOTT TORRES; CORPORAL SEELEY,<br><br>Defendants. | Civil No. 13cv1368 MMA (DHB)<br><br>**ORDER:**<br><br>**(1)  DISMISSING ACTION AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b); and**<br><br>**(2) DENYING MOTION TO PROCEED** *IN FORMA PAUPERIS* **AS MOOT** |

Plaintiff, currently housed at the George Bailey Detention Facility located in San Diego, California, and proceeding pro se, has filed an action pursuant to 42 U.S.C. § 1983.  Plaintiff has also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

**I.   SCREENING PURSUANT TO 28 U.S.C. § 1915A(b)**

Pursuant to the Prison Litigation Reform Act (PLRA) and 28 U.S.C. § 1915A, however, the Court is obligated to review civil actions filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release,

1  or diversionary program," "as soon as practicable after docketing" and regardless of
2  whether the prisoner prepays filing fees or moves to proceed IFP.  *See* 28 U.S.C.
3  § 1915A(a), (c).  Because Plaintiff was a "prisoner" as defined by 28 U.S.C. § 1915A(c)
4  at the time he filed this action, the Court must sua sponte dismiss his complaint, or any
5  portion thereof, which "seeks redress from a governmental entity or officer or employee
6  of a governmental entity," if it is frivolous, malicious, or fails to state a claim upon which
7  relief may be granted.  28 U.S.C. § 1915A(a), (b); *Rhodes v. Robinson*, 621 F.3d 1002,
8  1004 (9th Cir. 2010).

      Here, the Court finds that Plaintiff's action is frivolous as it is duplicative of an action Plaintiff previously filed.  Plaintiff's Complaint contains identical claims that are found in *Turner v. San Diego Central Jail, et al.,* S.D. Cal Civil Case No. 13cv1133 WQH (BGS).  A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."  *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

      A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims."  *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted).  Because Plaintiff has already litigated the same claims presented in the instant action in *Turner v. San Diego Central Jail, et al.,* S.D. Cal Civil Case No. 13cv1133 WQH (BGS), the Court hereby **DISMISSES** Civil Case No. 13cv368 MMA (DHB) pursuant to 28 U.S.C. § 1915A(b)(1).  *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1.

**II.**    **CONCLUSION AND ORDER**

      Good cause appearing, **IT IS HEREBY ORDERED**:

      1.    The case is **DISMISSED** without prejudice as frivolous.  *See* 28 U.S.C. § 1915A(b). In addition, the Court finds further amendment would be futile.  *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is

1 | not an abuse of discretion where further amendment would be futile);

2. The Court **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as moot. The Clerk shall close the file.

DATED: June 18, 2013

*Michael M. Anello*

Hon. Michael M. Anello
United States District Judge